1   Scott A. Burdman, Esq. SBN 019412
    William F. Shore III, Esq.  SBN  007728
2   **BURDMAN & SHORE, PLLC.**
    2999 N. 44th Street, Suite 535
3   Phoenix, Arizona 85018
    Telephone: (602) 222-3023
4   Fax: (602) 222-3024

5

6   Attorneys for Plaintiff
    Prescott Lakes Community Association, Inc.

7

8

9                   **IN THE UNITED STATES DISTRICT COURT**

                           **DISTRICT OF ARIZONA**
10

11  PRESCOTT LAKES COMMUNITY              )   Case No.
    ASSOCIATION, INC., an Arizona non-    )
12  profit corporation                    )   **COMPLAINT FOR:**
                                          )
13          Plaintiff,                    )
                                          )   1)   **DECLARATORY RELIEF THAT**
14  v.                                    )        **SETTLEMENT AGREEMENT**
                                          )        **IS VALID;**
15  OWNERS INSURANCE COMPANY, a           )
    foreign corporation; and, DOES 1      )
16  through 50, inclusive                 )   2)   **DECLARATORY RELIEF**
                                          )        **REGARDING INSURANCE**
17          Defendants.                   )        **COVERAGE; and**
                                          )
18                                        )
                                          )   3)   **BAD FAITH.**
19                                        )

20          Plaintiff, Prescott Lakes Community Association, Inc., an Arizona non-profit

21  corporation (hereinafter referred to as "Plaintiff"), as assignees of THE CANAVEST

22  GROUP, which includes CANAVEST BUILDERS, INC., an Arizona corporation;

23

24  CANAVEST DEVELOPMENT, LLC, an Arizona limited liability corporation;

25  CANAVEST DEVELOPMENT II, LLC, an Arizona limited liability corporation; and

26  WILLOW PARK/CANAVEST, LLLP, an Arizona limited liability limited partnership

27
    (hereinafter referred to as "insureds"), hereby seeks, pursuant to A.R.S. § 12-1831 *et* seq.,
28

                                        -1-

a declaration by this court as to whether certain insurance policies issued by Defendant,

Owners Insurance Company,  and, DOES 1 through 50, inclusive, and each of them,

provide coverage for the amount of the judgment against insureds entered in Yavapai

County Superior Court Case No.:  P1300-CV2011-01685, on October 10, 2014.

## PARTIES

1.     Plaintiff is a non-profit Arizona corporation.

2.     Owners is a foreign corporation authorized to do business in Arizona.

3.     Insureds were covered under successive annual policies of insurance

issued by Owners as follows:

| Type | Policy Period | Name | Policy No. | Limits |
|---|---|---|---|---|
| Commercial Property<br><br>Commercial General Liability<br><br>Commercial Inland Marine | 08/01/04–08/01/05 | Owners | 044625-45008283-04 | $1M/occurrence $2M/aggregate |
| Commercial Property<br><br>Commercial General Liability<br><br>Commercial Inland Marine | 08/01/05–08/01/06 | Owners | 044625-45008283-05 | $1M/occurrence $2M/aggregate |
| Commercial Property<br><br>Commercial General Liability<br><br>Commercial Inland Marine | 08/01/06–08/01/07 | Owners | 044625-45008283-06 | $1M/occurrence $2M/aggregate |
| Commercial Property<br><br>Commercial General Liability<br><br>Commercial Inland Marine | 08/01/07–08/01/08 | Owners | 044625-45008283-04 | $1M/occurrence $2M/aggregate |

///

///

| Type | Policy Period | Name | Policy No. | Limits |
|------|---------------|------|------------|--------|
| Commercial Property<br><br>Commercial General Liability<br><br>Commercial Inland Marine | 08/01/08–08/01/09 | Owners | 044625-45008283-04 | $1M/occurrence<br>$2M/aggregate |

4.     The amount in controversy exceeds this court's minimum jurisdictional requirements for cases based upon diversity.

5.     Defendant Does 1-50, whether individual, corporate or otherwise, are fictitious names of Defendants whose true names and capacities, whether co-insurer, excess insurer, re-insurer, parent corporation, subsidiary, affiliate or otherwise are at this time unknown to Plaintiff.  Plaintiff will hereafter seek leave of the court to amend this complaint in order to allege these Defendants true names and capacities when they become known to Plaintiff.

6.     Plaintiff alleges that the Owners was a business entity, which conducted business in Maricopa County, Arizona and/or Yavapai County, Arizona, and/or participated in the sale, brokerage, underwriting, issuance, etc. of the underlying Owners' insurance policies.

7.     Jurisdiction and venue are proper in the United States Federal Court, District of Arizona, pursuant to 28 USCA §1332.

## **GENERAL ALLEGATIONS**

8.     Willow Park Estates at Prescott Lakes (hereinafter referred to as "the project") was built between 2004 – 2006. The project is comprised of 23 duplex buildings with a total of 46 single family units.

9. Insureds acted as the developer of the project and used sub-contractors to perform the actual construction of the project.

10. The Owners' insurance policies in question provide coverage for property damage to property that arises out of the work of insureds at the project.

11. The Association filed its Complaint against the insureds on or about October 24, 2011. The Association filed its First Amended Complaint on or about December 1, 2011. The Association filed its Second Amended Complaint on or about February 28, 2012.

12. The complaint in P1300-CV2011-01685 state causes of action for breach of the implied warranty of workmanship and habitability, and for damages caused by construction deficiencies at the project

13. The complaint prays for, among other things, compensatory damages, taxable costs, expert witness fees, attorneys' fees, nontaxable expenses, reimbursement for prior repairs, interest as provided by law, etc.

14. Plaintiff is informed and believes that upon service of the complaint, insureds notified Owners about the underlying action, seeking unconditional defense and indemnity from Owners.

15. Throughout the litigation, Owners refused to provide unconditional defense and indemnity to the insureds as to demands made by the Plaintiff in its lawsuit; Owners failed to give equal consideration to its insureds interest in failing and refusing to settle the lawsuit within policy limits of insurance.

16. Owners agreed to provide a defense under a reservation of rights to insureds.

17.     Owners had the opportunity to inspect and conduct intrusive testing at the project, identify problems in construction, determine which parties were responsible for the problems, recommend a repair for the problems and estimate the cost to repair the problems. Owners did none of these things.

18.     Based upon reports issued by Plaintiff's various construction experts, Plaintiff's claimed damages in P1300-CV2011-01685 for purposes of trial in the underlying action totaled: $2,045,136.74 for the cost to repair all defects; $245,834.10 for interim repair costs; $151,000.00 in expert fees and costs, which are still accruing; and $854,689.79 in attorneys' fees and costs.  The total of all the above is not less than $3,296,660.63.  Costs, attorneys' and expert witness fees continue to accrue.

19.     Insureds do not dispute that property damage first occurred upon completion of each unit at the Project from October 7, 2004, through June 23, 2006, and damage has been continuous thereafter because of repeated exposure to substantially the same general harmful conditions, i.e., water intrusion through the roofs and through walls causing resulting damages to drywall, paint, insulation, wood framing, sheathing, and interior components, etc.

20.     Upon service of the Association's complaint, insureds notified Owners of the lawsuit and sought unconditional defense and indemnity under the policies mentioned.

21.     Owners took the position throughout the course of these proceedings that there was no coverage for the Association's claims. Owners has refused to provide an unconditional defense and indemnity to insureds.

22.     By letter dated April 25, 2012, from Gary Peterson, senior claims representative, Owners agreed to provide a defense to insureds under a full reservation of rights.

23.     By letter dated June 23, 2013, from Jennifer M. Bligh, Owners agreed to provide a defense to insureds under a full reservation of rights.

24.     On or about September 24, 2014, in order to avoid personal liability insureds, pursuant to *United States Automobile Ass'n v. Morris*, 154 Ariz. 113, 741 P.2d 246 (1987) and *Pueblo Santa Fe Townhomes Owners Association v. Transcontinental Ins. Co.*, 218 Ariz. 13, 178 P.3d 485 (App. 2008), agreed to: (a) enter a stipulated judgment against them in the underlying action in the amount of $2,500,000.00; and (b) assign their rights for indemnification from Owners to Plaintiff, in exchange for a covenant from Plaintiff that it will not execute on the judgment against insureds. **Exhibit 1**.

25.     On October 10, 2014, a judgment in the principle amount of $2,500,000.00 was entered in the underlying action against insureds. **Exhibit 2.**

### COUNT ONE

**(Declaration that the Settlement Agreement is Reasonable)**

26.     Plaintiff refers to and incorporates by reference paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27.     The settlement agreement and stipulated judgment are enforceable against Owners for reasons that include, but are not limited to the following:

   a.     The settlement agreement and stipulated judgment were reasonable and prudent under the circumstances; and

b.   The settlement agreement and stipulated judgment were not the product of fraud or collusion.

## COUNT TWO

### (Declaration of Coverage Under the Policies)

28.   Plaintiff refers to and incorporates by reference paragraphs 1 through 27 of this Complaint, including subparts, as though fully set forth herein.

29.   Insureds are named under a commercial general liability insurance policy issued by Owners to cover damages to property arising out of insureds' work at the project during the policy period.

30.   Owners has an obligation to indemnify insureds for damage to property at the project that arose out of insureds' work during the policy periods.

31.   Although Owners' policies in question contain a number of exclusions, none are applicable to the claims asserted in the underlying action or as set forth in Owners' reservation of rights letters.

32.   The Plaintiff alleges that the claims and damages asserted in the underlying action against insureds are covered by the policies in question.

33.   Insureds have demanded that Owners unconditionally indemnify them for the damages caused to property arising out of their work during the Owners' policies' periods.

34.   Owners has refused to unconditionally indemnify insureds under the Owners' policies for damages to property at the project that arose out of insureds work during the Owners' policies periods.

35.     Insureds have assigned their rights to indemnification from Owners to Plaintiff.

36.     An actual controversy exists with regard to whether Owners breached its indemnification obligations under the policies in question and whether any of the claims for damages as set forth in the settlement agreement and/or the stipulated judgment are covered under the policies in question.  Plaintiff having assumed the rights of insureds can pursue Owners for satisfaction of the stipulated judgment.

37.     As the assignee of insureds, the Plaintiff requests that this court declare its rights to indemnification from Owners under the Owners policies and to resolve the disputes between the parties.

## COUNT THREE

### (Bad Faith)

38.     Plaintiff refers to and incorporates by reference paragraphs 1 through 37 of this Complaint, including subparts, as though fully set forth herein.

39.     Upon information and belief, Owners was advised by defense counsel for insureds that the case had a significant settlement value.  Defense counsel demanded that Owners settle the case with Plaintiff to prevent insureds from facing certain personal exposure.

40.     Upon information and belief, the insurers refused to unconditionally pay anything to settle the underlying action.  In order to avoid certain personal exposure, insureds entered into the settlement agreement and stipulated judgment.  The insureds' actions constitute "bad faith."

41.     Owners breached its contracts with insureds by failing to:  provide unconditional indemnification; properly evaluate Association's claims in the underlying action; protect its insureds from personal exposure; give equal consideration to the interests of the insureds; and properly interpret the coverage available under the policies in question.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against Owners as follows:

1.     For all declaratory relief as requested herein;

2.     For a reasonableness hearing to determine the amounts reasonably owed by Owners to Plaintiff under the policies in question.

3.     For punitive damages in an amount to be determined by the Court;

4.     For Plaintiffs' taxable costs incurred herein;

5.     For attorneys' fees and non-taxable expenses reasonably incurred to obtain compensation for the defective conditions pursuant to A.R.S. § 12-341.01, any applicable contractual provisions, and other applicable law;

6.     For interest as provided by law from the date of entry of judgment, on October 10, 2014; and

7.     For such other and further relief as this Court may deem just and proper.


RESPECTFULLY SUBMITTED this 21st day of October, 2014.

**BURDMAN & SHORE, PLLC.**


By: /s/ William F. Shore, III
William F. Shore, III, Esq.
Attorney for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORIGINAL e-filed on this <u>21st</u> day of
October, 2014:

United States District Court
District of Arizona - Phoenix Division
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 West Washington Street, SPC 1
Phoenix, AZ 85003-2118
https://ecf.azd.uscourts.gov/


  /s/ Priscilla Weller